Appellant-defendant Darrell Dias appeals an order classifying him as a sexual predator. This Court reverses.
 I.
Dias was originally convicted of four counts of gross sexual imposition on September 13, 1996. On January 13, 1998, after resolving several unrelated post-conviction motions, the trial court issued an order to transport Dias from prison to the court for a sexual predator hearing to be held on February 24, 1998. At the hearing, the trial court refused the defendant's request to be examined by a psychological expert concerning the likelihood of defendant engaging in other sexually oriented offenses in the future. The trial court stated: "I do not specifically find or have to find that the defendant is likely to be a repeater." Without taking testimony from any witnesses and based solely on a police report describing the conduct resulting in the September 13, 1996 convictions, the trial court found Dias to be a sexual predator.
 II.
In Dias' first assignment of error, he argues that the trial court erred in declaring him to be a sexual predator without first finding that he is likely to engage in other sexually oriented offenses in the future. The prosecution agrees, concluding that "[b]ased on the facts of this particular case, a reversal and remand of the sexual predator hearing is appropriate." Therefore, this Court reverses based on the first assignment of error.
 III.
This Court will not address the remainder of Dias' assignments of error, as they have been rendered moot by our resolution of the first assignment of error.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 --------------------- DONNA J. CARR FOR THE COURT
BAIRD, P. J., DICKINSON, J., CONCUR